The Honorable Nancy Kelley Wittenberg Secretary, Department of Professional Regulation
QUESTION:
May an individual who has successfully completed a program adopted and implemented by a regulatory board pursuant to s. 455.11(3), F.S., to qualify such person for licensure examination take that examination in a language other than English?
SUMMARY:
An individual who successfully completes a program established by a regulatory board pursuant to s. 455.11(3), F.S., must take the licensure examination in English unless he also meets the criteria set out in s. 455.11(2), F.S., for taking the examination in another language.
This is in response to your question for me to clarify a previously issued Attorney General's Opinion, AGO 080-54. That opinion concluded that:
 . . . only those individuals who have successfully completed or graduated from an approved course of study established under ch. 74-105, Laws of Florida, as amended by ch. 75-177, Laws of Florida, are eligible to take an examination or reexamination for professional or occupational licensure in a language other than English . . . .
As pointed out in your letter, s. 455.11(3), F.S., charges every board and commission within your department with the responsibility of adopting and implementing educational programs with the goal of qualifying for licensure examination those persons who were resident nationals of Cuba but who, on July 1, 1977, were residents of Florida. Pursuant to this mandate, you state that the Board of Funeral Directors and Embalmers promulgated rule ch. 21J-26, F.A.C., which has the effect of establishing such a program. You are concerned, however, whether graduates of this program must take the licensure examination in English as AGO 080-54 would appear to indicate, or whether they may take the examination in another language.
Relevant to your inquiry, you have noted that, prior to 1979, a person could not become licensed as a funeral director in Florida without first being licensed as an embalmer. As it appears there exists no profession of embalming in Cuba, prior to 1979 no Cuban could be licensed as a funeral director in Florida based on previous licensure in that country. See AGO 075-76. Furthermore, it would seem that, since such a person could not be licensed in Florida as a funeral director, he would not have participated in any of the approved courses of study which would qualify him to take the licensing examination in a language other than English.See s. 455.11(2), F.S.
Since the law (ch. 470, F.S.) governing the licensing of funeral directors was changed in 1979 to permit the separate licensing of embalmers and funeral directors, a person licensed as a funeral director in Cuba may now be licensed as such in Florida without also being licensed as an embalmer. As noted above, however, since that person probably did not participate in any of the training courses established pursuant to ch. 74-105, Laws of Florida, as amended, you are concerned that he may now be in the posture of not being able to qualify to take the licensing examination in a language other than English. While I can appreciate your concerns, I am not in a position of being able to alleviate them. The Legislature enacted s. 455.11(2), F.S., and it is vested with the power to change its requirements if circumstances warrant such a change. Until such time, however, the language of s. 455.11(2), F.S., is clear — only those persons who have successfully completed one of those courses established pursuant to ch. 74-105, Laws of Florida, as amended by ch. 75-177, Laws of Florida, may take the examination for licensure in any language other than English.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General